THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARVIN HOMER LOGAN, Defendant-Appellant.

(No. 72-42;

Fifth District—February 5, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Timothy F. Flynn, Assistant Appellate Defender, of counsel), for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Paul J. O'Neill, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Arvin Homer Logan, was indicted on charges of murder and armed robbery, to which he entered not guilty pleas in the circuit court of Madison County. Two months later, immediately after the court determined defendant's competence, defendant sought to withdraw his pleas of not guilty and enter negotiated pleas, which were accepted by the court, and pursuant to the negotiations the defendant was sentenced to a minimum of 25 years and a maximum of 50 years on the murder charge, and to a minimum of five years and a maximum of ten years on the armed robbery charge, the sentences to run concurrently with each other, and both sentences to run concurrently with a federal sentence, of 45 years which had been imposed upon defendant while these indictments were pending. This appeal is from the conviction and sentences in the circuit court of Madison County.

Among other contentions of noncompliance with Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402) defendant contends that before finally accepting the pleas of defendant, the trial court did not determine that a factual basis exists for either the plea to the murder charge or for the plea to the armed robbery charge, and that no factual basis for either plea exists in the record, as is required by Rule 402(c). We first consider the plea to the murder charge. The State relies upon certain testimony at the competency hearing, held just prior to the entrance of the guilty pleas, to constitute compliance with the rule. The prosecutor questioned the defendant at the competency hearing as follows:

> "Mr. Trone: Do you at the present time know the nature of the offense with which you are charged?
>
> Defendant: Only too well, sir.
>
> Mr. Trone: You know the facts and circumstances; know the nature of the allegations and factual basis on which they are founded.
>
> Defendant: Yes, sir."

The State's Attorney later questioned defense counsel as follows:

> "Mr. Trone: Mr. Riley, you have conferred with Arvin Logan pertaining to this particular charge entered, the nature of the charge, and the factual basis upon which it is founded?
>
> Mr. Riley: I certainly have."

The defendant's answers indicate merely that he understood with what he was charged. The response by defense counsel to the State's Attorney's question indicates that a factual basis existed, but it does not indicate what that factual basis was.

The State also contends that the court determined, that there was a

factual basis for the plea which the court determined from certain witnesses' signed statements and police reports. Such statements and reports have been forwarded to and filed in this court along with the two volumes of the record; those two volumes have been properly certified; the statements and reports have *not* been certified as a part of the record in this cause and although they appear to be xeroxed copies of originals, no one of them bears the file mark or copy of a file mark of the trial court. At no place in the record certified to this court has the trial court made reference to them, and there is nothing to indicate that the trial court took cognizance of those statements or reports. In view of the manner in which the statements and reports have come to us, we refuse to do so, for even if we were to do so, and they did contain a factual basis, the rule which requires that the court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea, was violated.

■■ In *People v. Pruitt*, 7 Ill.App.3d 808, 288 N.E.2d 549, this court faced a similar situation and stated:

"Although the absence of such evidence from the record does not conclusively eliminate the possibility that the trial court may have investigated and satisfied itself in some manner not reflected in the record, the total lack of any reference to how or if this was done is ground for reversal." 7 Ill.App.3d at 809, 288 N.E.2d at 550.

■■ Since in the negotiations, the plea to the murder charge was coupled with the plea to the armed robbery charge, we need not consider the other contentions with reference to noncompliance with Rule 402 in acceptance of the pleas of guilty to either charge.

We therefore reverse the judgment of the trial court on each charge and remand this cause to the circuit court of Madison County with directions that defendant be allowed to plead anew.

Reversed and remanded with directions.

CREBS and CARTER, JJ., concur.